FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUN -2 PM 3: 37

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ALPHA TECHNOLOGY U.S.A.
CORPORATION, d/b/a FUTURECOW

    Plaintiff,

v.

NORTHERN DAIRY EQUIPMENT, LTD.,

    Defendant.

_____/

CASE NO.: 6:17-cv-1000-ORL-31DCI

JURY TRIAL DEMANDED

ALPHA TECHNOLOGY U.S.A. CORPORATION, d/b/a FUTURECOW ("FutureCow"), by and through its undersigned attorneys, hereby files this Complaint against NORTHERN DAIRY EQUIPMENT, LTD. ("NDE"), and alleges as follows:

## NATURE OF THE ACTION

1.    This is a patent and trademark infringement action to stop Defendant's willful infringement of Plaintiff's trademark and Plaintiff's United States Patent No. 8,869,747 entitled *"System and Method for Cleaning Teats of a Milk-Producing Animal and Monitoring Teat Cleaning Procedures"* (the "'747 Patent"); and, United States Patent No. 9,241,472, which is a continuation of the application for the '747 Patent, and which is also entitled *"System and Method for Cleaning Teats of a Milk-Producing Animal and Monitoring Teat Cleaning Procedures"* (the "'472 Patent"). Plaintiff seeks injunctive relief and monetary damages against Defendant.

## PARTIES

2.  Plaintiff, ALPHA TECHNOLOGY U.S.A. CORPORATION, d/b/a FUTURECOW, is a corporation organized and existing under the laws of the State of Florida. Plaintiff maintains its principal place of business at 1340 Bennett Drive, Longwood, Florida 32750.

3.  Defendant, NORTHERN DAIRY EQUIPMENT, LTD., is a United Kingdom company with a principal place of business located at Lea Road, Lea, Preston, Lancashire, PR4 0RA, United Kingdom.

## JURISDICTION AND VENUE

4.  This case arises, in part, under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285; and, under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5.  As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a), 28 U.S.C. §1331 and under 28 U.S.C. §1338(a)

6.  Concerning the patent claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

7.  This Court has personal jurisdiction over Defendant NDE pursuant to Fla. Stat. §48.193(1)(a)(2) because NDE has committed a tortious act within Florida which has caused injury to FutureCow in Florida, and, pursuant to Fed. R. Civ. P. 4(k)(2), due to the fact that NDE is not subject to general jurisdiction in any one state, FutureCow's claims arise under federal law, and the exercise of jurisdiction is consistent with the Constitution and the laws of the United States.

8. Personal jurisdiction over NDE is also proper based on NDE's history of tortious acts against Plaintiff, including but not limited to prior copyright infringement by NDE, false advertising by NDE's Florida distributor, Agri-Lac, Inc. and NDE's being on notice of infringement of at least the '747 Patent from FutureCow in August of 2015.

9. Venue is proper in the this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (3), 1391(c), and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, the allegedly infringing product has been offered for sale and sold in this district, and Defendant is not a resident of the United States and is not subject to general jurisdiction in any one state.

## FACTUAL BACKGROUND

### Patent Facts

10. FutureCow manufactures, markets, and distributes teat-scrubbing equipment, disinfectants, comfort brushes and other related products for use on dairy cows inside the United States, including within this District, as well as internationally. The teat scrubbing equipment that is manufactured and marketed by FutureCow is called the FutureCow Teatscrubber® (also referred to as the "FutureCow system").

11. FutureCow invested significant time, resources, labor and money in research and development of past and current versions of its FutureCow Teatscrubber®. One of the features developed by FutureCow that is relevant to the instant case is a controller that is programmed to monitor teat cleaning operations, associated milking operations, and generate data that may enable a dairy farm to conduct milking operations more efficiently.

12. This improvement, among others, is disclosed and/or claimed in Plaintiff's '747 Patent, which issued on October 28, 2014 and which Plaintiff is the owner of by assignment. *See* Exhibit A, which is a true and correct copy of U.S. Patent No. 8,869,747.

13. Additional improvements to the FutureCow system are found in Plaintiff's '472 Patent, which Plaintiff is the owner by assignment. *See* Exhibit B, which is a true and correct copy of U.S. Patent No. 9,241,472.

14. NDE is manufacturing and offering for sale within the United States a teatscrubber system (also referred to by NDE as the "Air Sanicleanse" system) that infringes one or more claims of the '747 Patent and '472 Patent directly and/or via the doctrine of equivalents.

15. Specifically, the NDE Air Sanicleanse system directly infringes at least Claims 1, 2, 4, 6, and 8 of the '747 Patent as described in the '747 Claim Chart and its exhibits, attached hereto as Exhibit C.

16. As also described in the '747 Claim Chart, the use of the Air Sanicleanse system also directly infringes method Claims 16, 19, 21, and 22 of the '747 Patent. *See* Exhibit C.

17. Similarly, the NDE Air Sanicleanse system directly infringes at least Claims 9 and 10 of the '472 Patent as described in the '472 Claim Chart and its exhibits, attached hereto as Exhibit D.

18. The Air Sanicleanse system is being offered for sale in this District by NDE representatives and via http://dairy-equipment.co.uk/air-sanicleanse-system/. *See* Exhibit E, which is a true and correct copy of the webpage located at http://dairy-equipment.co.uk/air-sanicleanse-system/.

19. An Air Sanicleanse system was sold by NDE to the Sugar Creek Dairy in Elkhorn, Wisconsin. Pictures of the Sugar Creek Dairy installation are attached to the Claim

Charts and show Defendant NDE's labels on multiple components of the teatscrubbing system. *See* Exhibits C and D, and exhibits thereto.

20. In addition to NDE's direct infringement, NDE has been and is inducing the direct infringement of at least Claims 16, 19, 21, and 22 of the '747 Patent by actively and knowingly inducing at least Sugar Creek Dairy to use the infringing Air Sanicleanse system despite NDE's actual knowledge of the '747 Patent and despite knowledge that the manufacture, sale, and use of the Air Sanicleanse system infringes the '747 Patent.

21. NDE additionally induces the direct infringement of the '747 Patent by each Air Sanicleanse customer by advertising and promoting the NDE teatscrubbing system in such a way that provides instructions or directions to its customers and users on how to practice the claimed invention, such as the method of Claims 16, 19, 21, and 22; and NDE is aware that such instruction infringes the '747 Patent. *See, e.g.*, Exhibits to Claim Charts; Exhibit E; *see also* Exhibit F, which is a printout from NDE's YouTube account; specifically, a video entitled "Northern Dairy Equipment Air Sanicleanse Teat Scrubber Product" which instructs on the uses and features of the infringing system.[1]

22. As described herein, NDE is willfully infringing and inducing infringement of the '747 Patent based on NDE's knowledge of the patent and knowledge that the induced acts constitute patent infringement.

23. On August 3, 2015, FutureCow's counsel sent NDE correspondence which included a copy of the '747 Patent along with a request for NDE to review the patent to ensure that NDE's teatscrubbing system did not infringe the '747 Patent. A true and correct copy of that letter is attached hereto as Exhibit G (excluding the referenced exhibits in that letter).

---

[1] The video is also located at: https://www.youtube.com/watch?v=1OO5HMGKbQA (last visited May 31, 2017).

24. NDE failed to respond to such correspondence and instead continued to sell the infringing Air Sanicleanse system with full knowledge that such offering for sale, sales and use in the United States infringed the '747 Patent.

**Trademark Facts**

25. Plaintiff is also the owner of the "FUTURECOW CERTIFIED" logo mark as shown below (the "FutureCow Mark") for use with distributorship services in the field of dairy equipment:



26. The FutureCow Mark is currently the subject of U.S. Serial No. 87/467,769 and was first used in interstate commerce at least as early as October 2, 2012.

27. NDE has adopted a confusingly similar logo, as shown below, which uses an almost identical green background color, a black and white cow facing the same direction and seeming to emerge from the logo toward the viewer via the same perspective, a ribbon element containing text, and an overall similar shape (the "NDE Mark"):



28.     Attached as Exhibit H hereto is a true and correct copy of NDE's website which shows the infringing NDE Mark next to text which reads "Prep Solutions for Farmers Worldwide."

29.     Plaintiff has been damaged as a result of Defendant's activities described herein.

30.     Plaintiff has performed all conditions precedent to be performed by Plaintiff or the conditions have occurred.

31.     Plaintiff has been forced to retain the law firm of Beusse Wolter Sanks & Maire, PLLC for representation in this action.

## COUNT I
### DIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 8,869,747

32.     Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 24 of the Complaint.

33.     Plaintiff is the owner of United States Patent No. 8,869,747 (the '747 Patent) at all times material hereto.  See Exhibit "A."

34.     The '747 Patent covers systems and methods of cleaning teats of milk-producing animals and monitoring teat cleaning procedures.

35. As detailed in the attached '747 Claim Chart, Defendant NDE manufactures, promotes, advertises, imports, offers for sale, and sells within the United States the Air Sanicleanse teatscrubbing system that directly infringes Claims 1, 2, 4, 6, and 8 of the '747 Patent either literally or through the doctrine of equivalents.

36. Defendant's aforesaid activities have been without authority and/or license from Plaintiff and are considered intentional and willful.

37. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38. Defendant had actual notice of the '747 Patent at least as early as August 3, 2015, and Defendant's infringement of Plaintiff's exclusive rights under the '747 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INDIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 8,869,747
## (INDUCEMENT)

39. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 24 of the Complaint.

40. Plaintiff is the owner of United States Patent No. 8,869,747 at all times material hereto. See Exhibit "A."

41. The '747 Patent covers systems and methods of cleaning teats of milk-producing animals.

...

42. The '747 Patent also covers methods for cleaning the teats of milk producing animals as well as a system for monitoring a teat cleaning and disinfectant before a milking operation is started that comprises one or more controllers that are configured to monitor various operations.

43. Defendant NDE has been and is inducing infringement of Claims 1, 2, 4, 6, and 8 of the '747 Patent by actively and knowingly inducing others, including Sugar Creek Dairy, to directly infringe by using and importing the NDE Air Sanicleanse system within the United States.

44. Defendant NDE is instructing its customers and potential customers how to clean teats using the method and system which violates Claims 16, 19, 21, and 22 of the '747 Patent and such conduct constitutes active inducement under 35 U.S.C. §271(b).

45. Evidence of Defendant's inducement activities can be seen in the advertising materials attached to the '747 Claim Chart and in the video referenced in Exhibit F.

46. Defendant's aforesaid activities have been without authority and/or license from Plaintiff and are considered intentional and willful.

47. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

48. Defendant had actual notice of the '747 Patent at least as early as August 3, 2015, and Defendant's infringement of Plaintiff's exclusive rights under the '747 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III
## DIRECT PATENT INFRINGEMENT OF U.S. PATENT NO. 9,241,472

49. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 24 of the Complaint.

50. Plaintiff is the owner of United States Patent No. 9,241,472 at all times material hereto. See Exhibit "B."

51. The '472 Patent covers systems of cleaning teats of milk-producing animals and monitoring teat cleaning procedures.

52. As detailed in the attached '472 Claim Chart, Defendant NDE manufactures, promotes, advertises, imports, offers for sale, and sells within the United States the Air Sanicleanse teatscrubbing system that directly infringes Claims 9 and 10 of the '472 Patent either literally or through the doctrine of equivalents.

53. Defendant's aforesaid activities have been without authority and/or license from Plaintiff and are considered intentional and willful.

54. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55. Defendant's infringement of Plaintiff's exclusive rights under the '472 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

56. Plaintiff repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 10 and 25 through 31 of the Complaint.

57. Plaintiff has used the FutureCow Mark in interstate commerce to advertise, promote, and distinctly identify its dairy-related goods and services since at least as early as October 2, 2012.

58. Plaintiff's use of the FutureCow Mark in interstate commerce pre-dates Defendant NDE's adoption and use of the infringing NDE Mark.

59. Defendant NDE's unauthorized use of the NDE Mark is likely to cause confusion, mistake, and deception of customers as to Plaintiff's affiliation, connection, association, sponsorship, or approval of Defendant's goods and services.

60. NDE willfully intended to trade on Plaintiff's reputation by adopting the NDE Mark.

61. Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and that damage will be irreparable unless Defendant's conduct is enjoined.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff, ALPHA TECHNOLOGY U.S.A. CORPORATION, d/b/a FUTURECOW respectfully requests that the Court find in its favor and against Defendant, NORTHERN DAIRY EQUIPMENT, LTD. and that the Court grant Plaintiff the following relief:

A. An adjudication that Plaintiff's rights in the '747 and '472 Patents are valid and enforceable;

B. An adjudication that one or more claims of the '747 and '472 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

D. An award of Defendant's profits from the sale of the infringing products;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283 enjoining the Defendant, its agents, employees, officers, attorneys, successors, assigns, and all persons in active concert or participation with it from further acts of infringement of the '747 and '472 Patents and from making, using, offering or sale or selling any teatscrubbing systems that infringe one or more of the claims of the '747 and '472 Patents either literally or under the doctrine of equivalents;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285;

G. That Defendant and anyone acting or participating with Defendant be preliminarily and permanently enjoined from:

    a. using the FutureCow Mark and any mark that is confusingly similar thereto, to advertise, promote, offer for sale, or sell its teatscrubbing goods and services;

    b. otherwise infringing the FutureCow Mark.

H. That Defendant be ordered to pay Plaintiff all profits Defendant realized by reason of its unlawful acts, and compensate Plaintiff for any damages sustained as provided under 15 U.S.C. §1117.

I. That the Court award Plaintiff treble damages because of the intentional, unlawful and willful acts of Defendant as set forth in this Complaint under the provisions of 15 U.S.C. §1117(a).

J. That this case be declared exceptional and that Defendant be ordered to pay Plaintiff the cost of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

K. Any further relief that this Court deems just and proper.

DATED this 2nd day of June, 2017.

Respectfully submitted,

Beusse Wolter Sanks & Maire, PLLC
390 North Orange Avenue, Suite 2500
Orlando, Florida 32801
Telephone: (407) 926-7716
Facsimile: (407) 926-7720
E-mail: adavis@iplawfl.com
E-mail: rwolter@iplawfl.com
Email: kwimberly@iplawfl.com
Attorneys for Defendant/Plaintiff,
ALPHA TECHNOLOGY U.S.A.
CORPORATION, d/b/a FUTURECOW,

_____
Amber N. Davis
Florida Bar No: 0026628
Robert L. Wolter
Florida Bar No: 906344
Kevin W. Wimberly
Florida Bar No: 0057977