# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALPHA TECHNOLOGY U.S.A. CORPORATION,**

      **Plaintiff,**

**v.**         Case No: 6:17-cv-1000-Orl-31DCI

**NORTHERN DAIRY EQUIPMENT, LTD.,**

      **Defendant.**

## ORDER

This matter comes before the Court after a hearing on the Motion to Dismiss (Doc. 16) filed by the Defendant, Northern Dairy Equipment, Ltd. ("NDE"); the Response, or in the alternative, Request for Transfer (Doc. 20) filed by the Plaintiff, Alpha Technology U.S.A. Corporation, d/b/a FutureCow ("FutureCow"); NDE's Response in Opposition to Plaintiff's Motion to Transfer (Doc. 23); FutureCow's Reply (Doc. 26); and NDE's Sur-Reply (Doc. 29).

**I.    Background**

NDE is a British company and its principal place of business is located in Lancashire, England, United Kingdom. Although NDE does not have an office in the United States, it does transact business in Wisconsin, California, Utah, Michigan, and Idaho, selling its products to one entity in each of those five states. Wiggan Decl. ¶ 6. NDE makes most of its sales in Wisconsin. *Id.* Previously, NDE did do business with an entity in Florida, the Miami-based Agri-Lac, Inc., but it alleges it has had no contacts in Florida since 2013. *Id.* ¶ 11. NDE has sold systems to its dealers in both Michigan and Idaho since November 21, 2013. Tr. 17:13-20.

FutureCow is a manufacturer, marketer, and distributor of teat-scrubbing equipment and related products for dairy cows. FutureCow maintains its principal place of business in Longwood, Florida. FutureCow alleges that, by manufacturing, offering for sale (on the internet and through NDE representatives), advertising, promoting, importing, selling, and inducing the use of a teat-scrubbing system, NDE willfully infringed on two patents that FutureCow owns by assignment. FutureCow's patent infringement claims make up three counts of the Complaint: Count I alleges direct patent infringement of U.S. Patent No. 8,869,747 ("the '747 Patent"); Count II alleges indirect patent infringement of the '747 Patent by way of inducement; and Count III alleges direct patent infringement of U.S. Patent No. 9,241,472 ("the '472 Patent"). Additionally, FutureCow alleges in Count IV that NDE willfully infringed on its trademark under 15 U.S.C. § 1125(a). The Court accepts these allegations as true for the purposes of resolving NDE's Motion to Dismiss.

## II. Legal Standard.

### A. Personal Jurisdiction.

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam); *see also Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (describing procedure for plaintiff to establish personal jurisdiction under Florida's long-arm statute). When a defendant challenges jurisdiction by submitting affidavits in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *Posner*, 178 F.3d at 1214; *see also Polski Linie Oceaniczne*, 795 F.2d at 972. When the plaintiff's complaint and supporting evidence

conflict with the defendant's affidavits, a court must construe all reasonable inferences in favor of the plaintiff. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

The Court considers two questions in resolving whether personal jurisdiction exists. "First, [courts consider] whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute." *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). "Second, [courts] examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.* The Due Process Clause "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Because FutureCow does not contend that NDE is subject to general jurisdiction, this Court will examine only the issue of specific jurisdiction.[1] Specific jurisdiction is based on a defendant's activities in the forum that are related to or arise out of the cause of action alleged in the complaint. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n.3 (11th Cir. 2006) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000)). The exercise of specific jurisdiction comports with due process if the defendant has certain "minimum contacts" with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted); *see also, e.g.*, *Fraser v. Smith*, 594 F.3d 842, 845 (11th Cir. 2010). In assessing these contacts, a court must determine whether the defendant purposefully availed itself of the

---

[1] FutureCow's Complaint concedes that "NDE is not subject to general jurisdiction in any one state." Compl. ¶ 7. Additionally, FutureCow's brief discussion of personal jurisdiction refers only to the specific jurisdiction portion of the Florida long-arm statute. Oddly, NDE's Motion to Dismiss argues at length that NDE is not subject to general personal jurisdiction in Florida.

privilege of conducting activities in Florida—or purposefully established contacts in Florida—and whether there is a sufficient nexus between those contacts and the litigation. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010). Further, in the case of tortious conduct, if the court determines that conduct is "intentionally and purposefully directed at a resident of the forum," the minimum contacts standard is met and a defendant can reasonably expect to be haled into court in the forum. *Licciardello v. Lovelady*, 544 F.3d 1280, 1287 (11th Cir. 2008) (quoting *New Lenox Industries v. Fenton*, 510 F. Supp. 2d 893, 904 (M.D. Fla. 2007)).

**III. Analysis**

In the Complaint, FutureCow contends that NDE is subject to personal jurisdiction under Florida Statute § 48.193(1)(a)(2), a provision of Florida's long-arm statute that applies to those who commit "a tortious act" within the state of Florida. FutureCow also offers Federal Rule of Civil Procedure 4(k)(2) as a basis for personal jurisdiction.

### A. Trademark Claim: Personal Jurisdiction as to Count IV

#### 1. Long-Arm Statute

A trademark infringement claim qualifies as a tortious act for purposes of the Florida long-arm statute. *See Mighty Men of God, Inc. v. World Outreach Church of Murfreesboro Tennessee, Inc.*, 102 F. Supp. 3d 1264, 1271 (M.D. Fla. 2015) (citing *Licciardello*, 544 F.3d at 1283). Further, this jurisdiction has broadly interpreted the long-arm statute with regard to tortious conduct to include conduct outside the state that causes injury within the state. *See, e.g., Licciardello*, 544 F.3d at 1283; *Horizon Aggressive Growth v. Rothstein-Kass*, 421 F.3d 1162, 1168 (11th Cir. 2005) ("[J]urisdiction may be found in certain instances where an out-of-state defendant commits a tort that produces an injury in Florida."); *Posner*, 178 F.3d at 1219 (permitting personal jurisdiction over nonresident defendant alleged to have committed a tort

causing injury in Florida). Moreover, as long as the website is accessible in Florida, it has been held that trademark infringement on the website occurs in Florida if the victim company is headquartered here. *See Licciardello*, 544 F.3d at 1283.

Here, FutureCow alleges that NDE has adopted a logo that is "confusingly similar" to FutureCow's Mark, citing the NDE Mark's "almost identical green background color, a black and white cow facing the same direction and seeming to emerge from the logo toward the viewer via the same perspective, a ribbon element containing text, and an overall similar shape." Compl. ¶ 27. FutureCow has submitted what is purportedly a copy of a page on NDE's website that shows the NDE Mark next to the words "Prep Solutions for Farmers Worldwide." *Id.* ¶ 28. NDE's usage of this mark is problematic, FutureCow states, because it "is likely to cause confusion, mistake, and deception of customers as to [FutureCow's] affiliation, connection, association, sponsorship, or approval of [NDE's] goods and services. *Id.* ¶ 59. FutureCow asserts that "NDE willfully intended to trade on [FutureCow's] reputation by adopting the NDE Mark." *Id.* ¶ 60.

The Court has reviewed both the NDE Mark and the FutureCow Mark. The Court has doubts as to whether the NDE Mark infringes on the FutureCow Mark. However, NDE has not submitted any evidence challenging FutureCow's allegations. Taking FutureCow's allegations as true, as the Court must, NDE has committed a tortious act within the state of Florida for purposes of the long-arm statute. Therefore, jurisdiction is proper under § 48.193(1)(a)(2) with respect to Claim IV.

**2. Minimum Contacts**

The Eleventh Circuit has adopted a three-part test to determine whether a non-resident defendant possesses sufficient minimum contacts with a forum state so as to justify the exercise of personal jurisdiction. The court must determine (1) whether the defendant purposefully availed

itself of the forum state; (2) whether the cause of action arises out of the activities of which the defendant purposefully availed itself; and (3) whether the defendant's contacts with the forum are such that the defendant should reasonably anticipate being haled into court there. *Future Technology Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000). Further, in some circumstances, even a single act can meet the constitutional jurisdiction requirements. The Eleventh Circuit has held that intentional torts are such acts that "may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." *Licciardello*, 544 F.3d at 1285 (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)).

Tort actions are different from contract actions and are subjected to a different constitutional analysis. *Licciardello*, 544 F.3d at 1286. The *Calder* test is used to satisfy due process requirements in a tort case. To satisfy that test, a tort must be (1) intentional; (2) aimed at the forum state; and (3) cause harm that the defendant should have anticipated would be suffered in the forum state. *Id*. The *Calder* test is the appropriate constitutional analysis for the trademark infringement claim.

The Wiggans Declaration says nothing about the NDE Mark, the NDE website's accessibility in Florida, or its alleged infringement of FutureCow's trademark. Consequently, FutureCow's allegations in the Complaint and the statements made by Kevin Dole, officer/director of FutureCow, in his affidavit stand unchallenged with respect to the trademark infringement as a basis of personal jurisdiction. FutureCow alleges that "NDE willfully intended to trade on [FutureCow's] reputation by adopting the NDE Mark." Compl. ¶ 60. NDE has not provided any evidence or even made any statements that challenge that allegation. Taking FutureCow's allegations as true, NDE committed an intentional tort, and thus, the first *Calder* element is met.

Next, based on the allegations in the Complaint, NDE willfully adopted the NDE Mark in order to trade on FutureCow's reputation. Accordingly, NDE's actions were aimed at the forum state, where FutureCow is located, satisfying the second element of *Calder*. The third element of *Calder* is likewise satisfied, as NDE has not contested FutureCow's claims that the trademark infringement caused harm that NDE should have anticipated would be suffered in the forum state. Taking FutureCow's unchallenged allegations as true, as it must, the Court finds that NDE has minimum contacts with this forum and it could reasonably expect to be haled into court here with respect to Count IV.

### B. Patent Infringement

#### 1. Long-Arm Statute and Minimum Contacts in the Forum State

Courts have consistently held that patent infringement is a tortious act for purposes of the Florida long-arm statute. *See, e.g.*, *Kemin Foods, L.C. v. Omniactive Health Techs., Inc.*, 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009). In determining whether personal jurisdiction is proper in patent infringement suits, this Court applies the law of the U.S. Court of Appeals for the Federal Circuit. *Nuance Commc'ns v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010); *Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 645 F.Supp.2d 1130, 1137 (S.D. Fla. 2009); *see also Alpha Tech. U.S.A. Corp. v. MLSNA Dairy Supply, Inc.*, No. 6:13cv1062, 2013 WL 6195766, at *3 (M.D. Fla. Nov. 26, 2013).

The Federal Circuit applies the three-prong minimum contacts test to determine whether specific jurisdiction exists in patent infringement cases. *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). NDE maintains that it has had no contacts with any individuals or entities in Florida, except with the Miami-based Agri-Lac, and it maintains that any

business dealings with Agri-Lac ended in 2013.[2] Wiggans Decl. 11. FutureCow has submitted evidence, in the form of an affidavit, that "as part of the dealer agreement between NDE and Agri-lac, Agri-lac sold the teatscrubbing systems to customers throughout the State of Florida." Dole Aff. 12. The Dole Affidavit is unclear as to when, exactly, Agri-Lac sold the systems to Florida customers. FutureCow has not given information indicating that these sales occurred after the issuance of the relevant patent, so the Court relies on the year provided by NDE's evidence. Pre-issuance activity is generally irrelevant for purposes of determining personal jurisdiction in a patent infringement case. Because FutureCow did not submit any evidence supporting sales in Florida after issuance of either patent, the Court has no basis to consider sales to Florida in the minimum contacts analysis.

2. Rule 4(k)(2)

FutureCow failed to uphold its burden of establishing minimum contacts with the forum state, but that does not end the personal jurisdiction analysis. In its Complaint, FutureCow alleged Federal Rule of Civil Procedure 4(k)(2) as a basis for personal jurisdiction. Rule 4(k)(2) permits federal courts "to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293-94 (Fed. Cir. 2009). Sometimes called the federal long-arm statute, "Rule 4(k)(2) was adopted to ensure that federal claims will have a U.S. forum if sufficient national contacts exist." *Id.* at 1295. The due process analysis under Rule 4(k)(2) is unique in that it "contemplates a defendant's contacts with the entire

---

[2] The patents in controversy did not issue until October 28, 2014, Compl. 12, and January 26, 2016, Compl. Ex. B.

United States, as opposed to the state in which the district court sits." *Id.* However, the test consists of the same three prongs as the due process analysis under Rule 4(k)(1): whether "(1) the defendant has purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* at 1297.

FutureCow's patent infringement claims certainly arise under federal law. The second requirement of Rule 4(k)(2), also known as "the negation requirement," has "pose[d] practical difficulties." *Id.* at 1294. The Federal Circuit adopted an approach that permits use of Rule 4(k)(2) when "the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible." *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009). NDE has argued that it cannot be sued in Florida and that it is not subject to personal jurisdiction in Wisconsin, but it has identified a state where suit would be possible. In fact, NDE filed what it referred to as a "stipulation"[3] consenting to a transfer to Michigan. *Cf. Saint-Gobain Tech. Fabrics Am., Inc. v. Checkmate Geosynthetics, Inc.*, No. 6:09cv557, 2010 WL 11507686, at *5 (M.D. Fla. Feb. 5, 2010) (applying Rule 4(k)(2) where the defendant did not refute the plaintiff's suggestion that the defendant might be subject to jurisdiction in a different forum, because "the burden is on the [d]efendant to identify another forum state in which the suit could proceed"). Accordingly, Rule 4(k)(2) is inapplicable here.

---

[3] Though it was called a "stipulation," FutureCow did not actually stipulate to a transfer to Michigan.

**IV. Conclusion**

In consideration of the foregoing, it is hereby **ORDERED** that the Defendant's Motion to Dismiss (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**. The Plaintiff's Complaint is **DISMISSED** as to Counts I, II, and III for lack of personal jurisdiction. The Plaintiff's Motion to Transfer (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 22, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party